| | |
|---|---|
| STATE OF NORTH CAROLINA ) | IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF CUMBERLAND ) | SUPERIOR COURT DIVISION |
| ) | CASE NO. 17 CVS 8461 |
| DIAMOND COLLINS, ) | |
| Plaintiff, ) | |
| v. ) | COMPLAINT |
| ADT LLC, d.b.a. ADT SECURITY ) | |
| SERVICES, ) | |
| Defendant. ) | |

FILED 2017 NOV -7 A 8:45 CUMBERLAND CO., C.S.C.

COMES NOW Plaintiff Diamond Collins (hereinafter "Plaintiff or "Ms. Collins") for her Complaint against ADT LLC, d.b.a. ADT Security Services (hereinafter "Defendant or "ADT"), alleging and saying as follows:

## NATURE OF ACTION

1. Plaintiff brings this action against Defenders for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

2. Plaintiff is a citizen and resident of Cumberland County, North Carolina and is under no legal disability.

3. Plaintiff is a "consumer" as defined by N.C.G.S. § 58-70-90(2) and is a "person" as defined by 47 U.S.C. § 153(10).

4. Defendant is a privately-owned company with headquarters located in Boca Raton, FL. The Company's line of business involves electronic security systems.

5. Defendant is a "person" as defined by 47 U.S.C. § 153(10).

## JURISDICTION AND VENUE

6. Federal and State Courts of North Carolina have concurrent subject matter jurisdiction over Plaintiff's actions brought under the Telephone Consumer Protection Act.

1

7. This Court has subject matter jurisdiction of Plaintiff's claims pursuant to 47 U.S.C. § 227 and N.C. Gen. Stat. §§ 7A-240 and 7A-243.

8. This Court has personal jurisdiction in this matter pursuant to N.C. Gen. Stat. § 1-75.4.

9. Venue in the Cumberland County Superior Court is proper under N.C. Gen. Stat. § 1-82.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls, whether they pay in advance or after the minutes are used. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 (2003).

13. On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed calls and calls using an artificial voice or prerecorded message to a wireless number by, or on behalf of, a creditor are permitted only if the calls are made with the "prior express consent" of the called party. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C. Rcd. 559 (2008).

14. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was

2

provided during the transaction that resulted in the debt owed." FCC Declaratory Ruling, 23 F.C.C. Rcd. 559, 564-65 ¶ 10 (2008).

15. Under the TCPA, and pursuant to the FCC Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff gave her express consent to Defendant to use an autodialer to call her cellular telephone within the meaning of the statute. *See* FCC Declaratory Ruling, 23 F.C.C. Rcd. 559, 565 ¶ 10.

## FACTUAL ALLEGATIONS

16. The allegations contained in Paragraphs 1 – 15 of this Complaint are hereby reincorporated by reference as if fully restated herein.

17. Ms. Collins allegedly incurred a financial obligation (the "Alleged Debt") to ADT (the "Creditor").

18. Since approximately February 2017, ADT has regularly and routinely utilized telephone calls in an attempt to collect the Alleged Debt from Ms. Collins.

19. Upon information and belief, ADT utilizes an "automatic telephone dialing system" or auto-dialer as defined by 47 U.S.C. § 227(a)(1) (hereinafter the "Auto-dialer System") and/or "an artificial or prerecorded voice" as defined by 47 U.S.C. § 227(b)(1)(A) (hereinafter the "Artificial Voice" and "Prerecorded Voice," respectively) to assist with its telephonic collection attempts.

20. Upon information and belief, ADT's Auto-dialer System is a predictive dialer. A predictive dialer is an "automatic telephone dialing system," because it has the capacity to store and produce telephone numbers to be called without human intervention and to dial ADT's database of telephone numbers at random or in a sequential order.

21. The Artificial Voice and/or Prerecorded Voice, when combined with the Auto-dialer System, allowed ADT to make rapid, consistent, and uninterrupted collection calls to debtors.

22. Upon information and belief, the number of telephone calls received by a person from ADT using the Auto-dialer System in any given day is not dependent on the attempts of that person to answer the Auto-dialer System's telephone calls.

3

23. Upon information and belief, the number of telephone calls that are received by a person in a day is based on variables that can and do change on a daily basis, that are beyond the control of a person receiving calls, and that are in the total control of ADT.

24. Upon information and belief, the telephone numbers (866) 843-0374, (410) 237-6288, (410) 237-6268, (410) 237-6248 (hereinafter "ADT's Numbers") are registered to and/or regularly utilized by ADT in making automated telephone calls using its Auto-dialer System.

25. Since February 2017, ADT has placed calls to Ms. Collins' cellular telephone from one of ADT's Numbers in an attempt to collect the Alleged Debt using the Auto-dialer System and/or by using an Artificial Voice or Prerecorded Voice. These telephone calls were made to her personal cellular phone telephone number (hereinafter the "Telephone Number").

26. ADT willfully or knowingly leaves Ms. Collins voicemails on her cellular telephone using an Artificial Voice or a Prerecorded Voice.

27. These voicemails are robotic-sounding as if they are generated via text-to-speech computer software and not spoken by a natural human voice.

28. At one point in February of 2017, Ms. Collins spoke with a live ADT representative and clearly stated to this individual that she found the constant telephone calls harassing and did not wish to be called any further.

29. Despite Ms. Collins' requests to ADT to cease calls, ADT continued to call Ms. Collins' Cellular Phone, on dates including but not limited to:
06/07/17; 06/09/17; 06/10/17; 06/12/17; 06/13/17; 06/14/17; 06/15/17; 06/16/17; 06/16/17; 06/20/17; 06/20/17; 06/20/17; 06/21/17; 06/21/17; 06/21/17; 06/21/17; 06/21/17; 06/21/17; 06/22/17; 06/22/17; 06/22/17; 06/22/17; 06/23/17; 06/23/17; 06/23/17; 06/24/17; 06/24/17; 06/25/17; 06/25/17; 06/25/17; 06/26/17; 06/27/17; 06/27/17; 06/28/17; 06/28/17; 06/29/17; 06/29/17; 06/29/17; 06/30/17; 07/01/17; 07/07/17; 07/10/17; 08/02/17; 08/04/17; 08/15/17; 08/25/17; 08/25/17; 09/05/17; 09/06/17; 09/07/17; 09/08/17; 09/11/17; 09/12/17; 09/13/15; 09/14/17; 09/14/17; 09/15/17; 09/18/17; 09/19/17; 09/19/17; 09/20/17; 09/20/17; 09/21/17; 09/21/17; 09/21/17; 09/22/17; 09/22/14; 09/22/17; 09/25/17; 09/25/17; 09/25/17; 09/28/17; 09/28/17.

4

30. ADT is responsible for making the above-described ATDS-generated and/or automated or prerecorded calls.

31. These calls caused Ms. Collins severe emotional distress.

32. Ms. Collins is being called multiples times a day by ADT, which causes her disruption in her work and causes severe stress and anxiety.

## FIRST CAUSE OF ACTION
(Violation of Telephone Consumer Protection Act)

33. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

34. At all times relevant herein, ADT contacted Ms. Collins on her cellular telephone using an "automatic telephone dialing system," as that term is defined by 47 U.S.C. § 227(a)(1), to call her on a number assigned to a cellular telephone service violation of 47 U.S.C § 227(b)(1)(A).

35. The telephone calls from ADT to Ms. Collins were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

36. Each telephone call made in negligent violation of the TCPA entitles to Ms. Collins to an award of $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Upon information and belief, Ms. Collins never provided her consent to ADT to be contacted on her cellular telephone. However, even if Ms. Collins did in fact provide her consent allowing ADT to be contacted on her cellular telephone, in February of 2017 Ms. Collins clearly and unambiguously instructed ADT to cease all telephone calls to her.

38. ADT continued to place automated telephone calls to Ms. Collins' cellular telephone knowing there was no consent to continue the calls or knowing that any consent previously granted was withdrawn in February of 2017. As such, ADT willfully and knowingly violated 47 U.S.C. § 227(b).

39. As a result of ADT's willful and knowing violation of 47 U.S.C. § 227(b)(1)(A), and pursuant to 47 U.S.C. § 227(b)(3), Ms. Collins is entitled to increased statutory damages in an amount not greater than $1,500.00 per violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

5

40. As a direct and proximate result of ADT's breach of 47 U.S.C. § 227, Ms. Collins has sustained actual damages, including but not limited to, mental and emotional pain and anguish, and is further entitled to statutory damages in an amount in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00), and a permanent injunction preventing ADT from further contacting Ms. Collins.

## SECOND CAUSE OF ACTION
(Violation of North Carolina Debt Collection Act, N.C.G.S. §§ 75-50 *et seq* and 75-1.1 *et seq*)

41. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.
42. Ms. Collins is a "consumer," as that term is defined by N.C.G.S. § 75-50.
43. ADT is a "debt collector," as that term is defined by N.C.G.S. § 75-50.
44. The Alleged Debt is a "debt," as that term is defined by N.C.G.S. § 75-50.
45. ADT has attempted to collect debt in violation of N.C.G.S. § 75-52, in that it engaged in annoying, abusive, and harassing conduct towards Ms. Collins in connection with the collection of the Alleged Debt.
46. ADT has attempted to collect debt in violation of N.C.G.S. § 75-52, in that it caused her telephone to ring with such frequency as to be unreasonable or to constitute a harassment.
47. As a result of ADT's unlawful attempts to collect debt, Ms. Collins is entitled to actual and statutory damages for each week ADT's violations took place, as well as her reasonable attorneys' fees, for a total amount in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00).

## THIRD CAUSE OF ACTION
(Negligence)

48. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.
49. ADT had the following duties with respect to Ms. Collins:
    a. To refrain from repeatedly and incessantly calling Ms. Collins so as to become harassing, intimidating, and annoying;
    b. To have Ms. Collins's express consent prior to each occasion that ADT called the Telephone Number; and

6

c. To refrain from calling Ms. Collins after being placed on notice that she did not wish to continue being called on her cellular telephone by ADT.

50. ADT breached its duties to Ms. Collins by, among other thing:
    a. Repeatedly and incessantly calling Ms. Collins so as to harass, intimidate, and annoy her;
    b. Repeatedly calling Ms. Collins at the Telephone Number without obtaining her express consent prior to each telephone call; and
    c. Calling her even after being placed on notice that it did not have consent to do so and that she did not wish to be called on her cellular telephone by ADT.

51. ADT's aforesaid actions directly and proximately caused Ms. Collins the loss of use of her personal property, loss of sleep, fear, anxiety, frustration and other mental and emotional anguish.

52. The aforesaid acts of ADT were in violation of its statutory duties under the Telephone Consumer Protection Act such that its conduct constitutes negligence *per se*. Further, the aforesaid conduct of ADT was in violation of its common law and general duty not to invade the privacy and seclusion of others, including Ms. Collins, such that its conduct constitutes ordinary negligence.

53. As a direct and proximate result of ADT's negligence, Ms. Collins has sustained damages in amount in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00).

## FOURTH CAUSE OF ACTION
(Gross Negligence)

54. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.
55. ADT's aforesaid negligence was of a willful and wanton nature, in that its Auto-dialer System is purposefully designed to harass, intimidate, and annoy the recipients of telephone calls, including Ms. Collins, and ADT intended to harass, intimidate, and annoy Ms. Collins.
56. Ms. Collins is entitled to punitive damages in an amount in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00).

7

## FIFTH CAUSE OF ACTION
(Invasion of Privacy by Intrusion into Seclusion)

57. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

58. ADT intruded into the seclusion of Ms. Collins by persistently causing her telephone to ring for a period of at least eight (8) months.

59. ADT's actions as set forth in Ms. Collins's above allegations would be highly offensive to any reasonable person.

60. ADT's intrusion into Ms. Collins's seclusion caused her to suffer the loss of use of her personal property, anxiety, annoyance, frustration, and other mental and emotional anguish.

61. As a direct and proximate result of ADT's intrusion into Ms. Collins's seclusion, she has suffered damages in an amount in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00).

62. Further, ADT's intrusion into Ms. Collins's seclusion was malicious or, at a minimum, willful and wanton, such that Ms. Collins is entitled to punitive damages in an amount in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00).

WHEREFORE, Plaintiff Diamond Collins prays the Court that:

1. Plaintiff recover compensatory, statutory, and punitive damages, including all such damages available under 47 U.S.C. § 227, in an amount in excess of $25,000.00, along with interest at the highest rate allowed by law;

2. Plaintiff recover her reasonable attorneys' fees;

3. A permanent injunction be issued prohibiting Defendant from making any contact with Plaintiff, including calling her telephone;

4. The costs of this action be taxed to Defendant;

5. For a trial by jury on all issues so triable; and

6. For such other and further relief as the Court deems just and proper.

8

Respectfully submitted, this the 3rd day of November, 2017.

                                  MAGINNIS LAW, PLLC

BY: _____
        EDWARD H. MAGINNIS
        N.C. State Bar No. 39317
        KARL S. GWALTNEY
        N.C. State Bar No. 45118
        4801 Glenwood Avenue, Suite 310
        Raleigh, North Carolina 27612
        Telephone: 919-526-0450
        Fax: 919-882-8763
        emaginnis@maginnislaw.com
        kgwaltney@maginnislaw.com
        *Attorneys for Plaintiff*

9